**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DORA PATRICIA AMAYA; ANIBAL
SILVA, an individual,

        Plaintiffs - Appellees/
        Cross - Appellants,

  v.

MENZIES AVIATION USA, INC.;
        Defendant - Appellant/
        Cross - Appellee.

Nos. 25-2041, 25-2350

D.C. No. 2:22-cv-05915-HDV-MAR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Hernan Diego Vera, District Judge, Presiding

Argued and Submitted July 8, 2026
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER,** District

Judge.

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

Defendant-Appellant Menzies Aviation (USA), Inc. ("Menzies") appeals the district court's order granting in part and denying in part Menzies' motion to compel arbitration. Plaintiffs-Appellees Dora Patricia Amaya ("Amaya") and Anibal Silva cross-appeal, asserting that Menzies waived its right to arbitration. We have jurisdiction over Menzies' appeal under 9 U.S.C. § 16(a)(1)(B) and pendent appellate jurisdiction over plaintiffs-appellees' cross-appeal. Concluding that Menzies waived its right to arbitration, we reverse in part and remand for proceedings consistent with this disposition.

1. We may exercise "jurisdiction over issues that ordinarily may not be reviewed on interlocutory appeal" if those issues are "raised in conjunction with other issues properly before the court," and "if the rulings were 'inextricably intertwined' or if review of the pendent issue was necessary to ensure meaningful review of the independently reviewable issue." *United States v. Tillman*, 756 F.3d 1144, 1149 (9th Cir. 2014) (citation omitted). Here, the issue presented by Menzies' appeal—whether the district court erred in denying in part the motion to compel arbitration—is immediately reviewable under 9 U.S.C. § 16(a)(1)(B). Because deciding whether Menzies waived its right to arbitration is a prerequisite to reaching the merits of Menzies' appeal, we review the waiver issue. *See Arc of Cal. v. Douglas*, 757 F.3d 975, 993 (9th Cir. 2014).

2. We review *de novo* the question whether a party has waived its right to arbitration. *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023). "[T]he party asserting waiver must demonstrate: (1) knowledge of an existing right to compel arbitration and (2) intentional acts inconsistent with that existing right." *Id.*

3. Menzies does not contest that it had knowledge of its right to compel arbitration since at least September 8, 2022, when its counsel sent Plaintiffs-Appellees' counsel a letter stating that Amaya had signed an agreement requiring her to submit all employment disputes to arbitration. Therefore, we focus on the question whether Menzies took intentional acts inconsistent with its right to compel arbitration. *See id.*

For this element, "we consider the totality of the parties' actions." *Id.* (quoting *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 471 (9th Cir. 2023)). "[A] party generally 'acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court.'" *Id.* (quoting *Newirth ex rel. Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 941 (9th Cir. 2019)).

Here, Menzies litigated in the district court for 28 months before filing its motion to compel arbitration. *See Van Ness Townhouses v. Mar Indus. Corp.*, 862

F.2d 754, 759 (9th Cir. 1988) (defendant litigated for more than two years); *Martin v. Yasuda*, 829 F.3d 1118, 1122 (9th Cir. 2016) (defendant litigated for almost 17 months). During this period, Menzies "devot[ed] considerable time and effort to . . . structuring the litigation" in federal court. *Martin*, 829 F.3d at 1126 (internal quotation marks omitted). It participated in case management conferences, served and responded to discovery requests, responded to a motion to compel discovery, entered into a stipulated protective order, deposed the named plaintiffs, and participated in depositions of its own witnesses.

Menzies also filed a motion for partial summary judgment, seeking to dismiss Plaintiffs-Appellees' claims brought under Cal. Lab. Code Ann. § 2802, as preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.*, or the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, or to treat them as claims brought under § 301 of the LMRA and dismiss them based on statute-of-limitations grounds. In filing this motion, Menzies sought a judicial ruling that would have "foreclosed the [§ 2802] claims of the entire . . . [c]lass." *Hill*, 59 F.4th at 476.

Although Menzies reserved its right to arbitration throughout the 28 months that it proceeded in the district court, the totality of its actions demonstrates an intention

to "take advantage of litigation in federal court." *Hill*, 59 F.4th at 474.[1]  Accordingly, we conclude that Menzies waived its right to arbitration.  We reverse the district court's order to the extent that it holds otherwise, and remand for proceedings consistent with this disposition.[2]

**REVERSED IN PART AND REMANDED**.

---

[1]  We are not persuaded by the district court's reasoning that Menzies' delay in moving to compel arbitration was reasonable because the Ninth Circuit had yet to decide *Lopez v. Aircraft Service International, Inc.*,107 F.4th 1096 (9th Cir. 2024). *Lopez* concerned only 1 of the 65 classes of workers for which Menzies moved to compel arbitration. *See id.* at 1097.  And in any event, considerations of judicial efficiency do not excuse Menzies' litigation-favoring conduct.

[2]  Because we conclude that Menzies waived its right to arbitration, we need not review whether the district court erred in denying in part Menzies' motion to compel arbitration.  We also do not review the district court's order granting class certification, because we lack jurisdiction to do so.  We grant plaintiffs-appellees' motion for judicial notice and acknowledge that this court denied Menzies' Rule 23(f) petition, thereby denying interlocutory review of the class certification order.  And we lack pendent appellate jurisdiction over that order because the class certification issue is not "inextricably intertwined" with or "necessary to ensure meaningful review of" the issues for which we have jurisdiction to decide. *Tillman*, 756 F.3d at 1149 (citation omitted).